EUGENE JACQUES *vs.* JOHN P. PARKS, and another.

Aroostook.   Opinion March 8, 1902.

*Arrest.   Tax Warrant.   Jurisdiction.   Officer.   Damages.   R. S., c. 6, §§ 182, 184; Stat. 1893, c. 155.*

1.  An officer is protected in the service of process, if it issues from competent authority and is legal upon its face.  Warrants issued by inferior magistrates must show upon their face legal authority for their issue.

2.  A tax warrant is illegal which contains no statement that the town had fixed a time for payment, nor directed the officer, before arrest, to deliver to plaintiff or leave at his last and usual place of abode, a summons from the collector issuing it "stating the amount of tax due, and that it must be paid within ten days from the time of leaving such summons," as required by statute.

3.  *Held;* in this case, that the warrant failed to show authority in the collector to issue it, and was upon its face invalid and void.   It afforded no protection to the officer.

4. The plaintiff was assessed a tax in Caribou in 1897. Not being paid, King, collector of taxes and one of defendants, issued a warrant of distress against him, directed to the sheriff or his deputies. Parks, the other defendant, a deputy sheriff, received the warrant and arrested and committed plaintiff to jail, where he remained thirteen days, when he was released upon payment of a sum more than double the amount of the tax. The statute authorized the issuance of a warrant to distrain the person or property of the delinquent "after the expiration of the time fixed for payment by vote of the town." The town had not by vote fixed any time for payment of taxes that year. This was a condition precedent to the right to issue a warrant. King, therefore, had no authority to issue it.

5. The arrest of plaintiff was made under the direction of an illegal warrant issued by King, and the actual arrest was made by Parks upon that illegal warrant. Both are therefore liable for the illegal arrest and imprisonment.

In assessing damages by the law court as stipulated by the parties, it is considered by the court, that the plaintiff was detained thirteen days, and obliged to pay twenty-three dollars and thirty-five cents in excess of the tax to obtain his release, and was exposed to harsh treatment after his arrest, by being compelled to ride, on a cold afternoon in December, in wet clothing, without outside wraps, a distance of several miles. In view of all the circumstances, the damages were assessed at one hundred dollars.

On report. Judgment for the plaintiff.

Action of personal trespass and false imprisonment brought by Eugene Jacques of Van Buren, against John P. Parks of Cyr Plantation and Carl C. King of Caribou.

The case is stated in the opinion.

*A. W. and J. B. Madigan; P. C. Keegan,* for plaintiff.

*I. G. Hersey and B. L. Fletcher,* for defendants.

SITTING: WISWELL, C. J., EMERY, WHITEHOUSE, STROUT, SAVAGE, POWERS, JJ.

STROUT, J. King, one of defendants, was collector of taxes of Caribou for the year 1897. In the tax lists committed to him was an assessment against the plaintiff for seventeen dollars and ninety-six cents. The tax being unpaid, King as collector, on the twenty-fourth day of October, 1898, issued his warrant to the sheriff of Aroostook or his deputies, purporting to be under and by virtue of c. 155 of the Laws of 1893, amendatory of c. 6, § 182 of R. S. That statute authorized the collector to issue a warrant "to distrain the person or

property of any person delinquent in paying his taxes after the expiration of the time fixed for payment by vote of the town." The vote of the town fixing time for payment is made a condition precedent to the authority of the collector to issue his warrant of distress. It is admitted that the town of Caribou did not by vote prescribe any time for payment of taxes for that year. King, therefore, had no authority to issue the warrant. *Snow* v. *Weeks*, 77 Maine, 429.

The warrant was placed in the hands of Parks, a deputy sheriff and the other defendant in this suit, who arrested the plaintiff, and committed him to jail, where he remained thirteen days, when he was discharged on payment of the tax and costs, amounting to forty-one dollars and eleven cents.

An officer is protected in the regular service of process, if it issues from competent authority and is legal upon its face. Warrants issued by inferior magistrates must show upon their face legal authority for their issue. It cannot be presumed. *Gurney* v. *Tufts*, 37 Maine, 130, 58 Am. Dec. 777; *Brown* v. *Mosher*, 83 Maine, 111, 23 Am. St. Rep. 761. This warrant contained no statement that a vote of the town had fixed a time for payment of taxes, nor did it direct the officer, before arrest, to deliver to the plaintiff, or leave at his last and usual place of abode, a summons from the collector issuing it, " stating the amount of tax due, and that it must be paid within ten days from the time of leaving such summons," as required by R. S., c. 6, § 184. This section applies to warrants issued under § 182.

The warrant failed to show authority in the collector to issue it, and omitted a direction to leave the summons required by law, which should have been, but was not, issued by the collector; and it was upon its face invalid and void. It therefore afforded no protection to the officer. *Snow* v. *Weeks*, 77 Maine, 429; *B. & M. R. R.* v. *Small*, 85 Maine, 462, 35 Am. St. Rep. 379.

The arrest of plaintiff having been made under the direction of an illegal warrant issued by King, and the actual arrest having been made by Parks, both of them are liable for the illegal arrest and imprisonment.

By the report this court is authorized to assess the damages.

The plaintiff was detained thirteen days, and obliged to pay twenty-three dollars and thirty-five cents in addition to the tax to obtain his release, and was exposed to harsh treatment after his arrest, by being compelled to ride, on a cold afternoon in December, in wet clothing without sufficient outside wraps, a distance of several miles. In view of all the circumstances, we assess the damages at one hundred dollars.

*Judgment for plaintiff for one hundred dollars.*